SARAH A. NEWBURY v. GREAT NORTHERN RAILWAY COMPANY.[1]

November 12, 1909.

Nos. 16,281—(55).

**Injury to Alighting Passenger — Damages — New Trial.**

> Evidence considered in this, a personal injury action, and *held*, that the evidence is sufficient to sustain the verdict, that the damages are not so excessive as to justify the conclusion that they were given under the influence of passion or prejudice, and, further, that the trial court did not err in denying a motion for a new trial on the ground of newly discovered evidence.

Action in the district court for Polk county to recover $15,200 damages for personal injuries. The case was tried in January, 1909, before Watts, J., and a jury which returned a verdict in favor of plaintiff for $2,000. Defendant moved for a new trial on the following grounds, viz: (1) Material evidence, newly discovered, which with reasonable diligence could not have been found and procured at the trial. (2) Excessive damages appearing to have been given under the influence of passion and prejudice. (3) Errors of law occurring at the trial and excepted to at the time. (4) That the verdict was not justified by the evidence and was contrary to law. The moving affidavit included copies of three letters from de-

[1]Reported in 122 N. W. 1117.

fendant's general claim agent in November, 1908, and of one letter from defendant's attorney in January, 1909, to the court stenographer and of the latter's answer to each letter explaining that, by reason of prior orders for transcripts of testimony, it would be impossible for him, and it would be impossible for any other stenographer, to furnish the transcript of Mrs. Newbury's testimony in the former action within the time desired. From an order denying its motion for a new trial, defendant appealed. Affirmed.

*J. W. Mason* and *J. H. Maybury,* for appellant.

*W. E. Rowe,* for respondent.

START, C. J.

Appeal by the defendant in a personal injury action from the order of the district court of the county of Polk denying its motion for a new trial after a verdict for the plaintiff in the sum of $2,000.

The errors here assigned and urged are that the court erred in refusing to grant a new trial on the ground of newly discovered evidence, for the excessive damages appearing to have been given under the influence of passion and prejudice, and for the reason that the verdict is not justified by the evidence. The record discloses sufficient evidence, if the jury found it credible, to sustain a verdict in some amount for the plaintiff. The jury were the judges of the credibility of the witnesses. Therefore the only questions for our consideration are those relating to the alleged newly discovered evidence and the claim that the damages are excessive as the result of passion and prejudice on the part of the jury.

The plaintiff, who was sixty years old and weighed two hundred twenty-five pounds, was, on February 26, 1907, a passenger on one of defendant's passenger trains from Bemidji to Wilton, in this state. When the train reached Wilton, and the plaintiff was ready to alight, the defendant stopped the train, so that the smoking car, which was immediately in front of the car in which the plaintiff was riding, was a foot or more from the end of the station platform. She was directed to go forward onto the platform of the smoking car and alight therefrom, the bottom step of which was two and a half feet above the frozen ground. The plaintiff testified to the effect that she

then went upon the platform of the car, and, observing that it had not been drawn up to the station platform, asked the conductor if he would not pull the car to the platform; that he replied, "No," said he was in a hurry, took hold of one of her hands, and a brakeman of the other one, while she was standing on the steps of the car, and gave her a quick pull or "yank," which threw her to the ground; that she struck on her right hip and shoulder, and in consequence of such fall she suffered intense pain and sustained permanent injuries; that her limbs became swollen, and her stomach, back, and kidneys were injured; that she had hemorrhages of the stomach as the result of her injuries; and, further, that she was well and healthly before she was injured by being pulled from the car, and never had any hemorrhages from her stomach, or internal hemorrhages of any kind prior to that time.

The plaintiff was corroborated by the testimony of another passenger as to the manner in which she was pulled from the car. The conductor denied that he pulled the plaintiff from the steps of the car, and testified that he carefully assisted her to alight. She was also corroborated, as to her physical condition before and after her injuries, by the testimony of her adopted son. There was other evidence tending to show that the plaintiff, at the time of the trial, was in a serious physical condition; but two medical witnesses called by the defendant, who examined the plaintiff at the trial and not before, testified to the effect that in their opinion such condition did not result from her falling from the car. The physician who attended the plaintiff after her injury was called as a witness; but he expressed no positive opinion to the effect that her then physical condition was the result of injuries sustained at the time she fell from the car. Upon a consideration of the whole evidence, we are of the opinion that the damages awarded to the plaintiff are liberal, but not so excessive as to show that they were given under the influence of passion or prejudice.

This brings us to the question whether the trial court erred in denying the motion for a new trial on the ground of newly discovered evidence. On the trial, defendant produced a letter, purporting to have been written and signed by the plaintiff the next day after

she fell from the car, which the defendant received some five days thereafter. The letter stated the manner in which she was injured and her previous condition of health, all of which conflicted, in material respects, with her testimony on the trial. The letter, if written or authorized by her, would have been admissible in evidence; but the plaintiff denied that she ever wrote or authorized the letter. This constitutes the first alleged newly discovered evidence. The affidavit in support of the motion states, in effect, that the defendant was taken by surprise by the plaintiff's denial of the letter on the trial; that since the trial it has learned that the letter was written by her adopted son, Elmer Ellsworth, at and by her request and direction; and, further, that the affiant believes the defendant will be able to prove such fact on a new trial of the action. The affidavit does not claim that any diligence was used before the trial to ascertain whether the letter was genuine, nor how the alleged facts as to the letter were since learned,—nor by whom it is proposed to prove them. The fair inference from the affidavit is that the defendant simply believes that it will be able to prove such facts, and that it does not yet know by whom the proof can be made; for, otherwise, the affidavit would have named the witness and given the substance of his proposed testimony, as the rule in such cases requires. Again, the letter was not newly discovered evidence; for the defendant had it in its possession for nearly eleven months before the trial. It may be that defendant was surprised by the plaintiff's denial that the letter was hers; but surprise was not one of the grounds for a new trial, nor would the facts stated in the affidavit justify a new trial on such ground, for it is not claimed that the defendant did anything before the trial to find evidence to establish the genuineness of the letter.

The other item of alleged newly discovered evidence is the testimony of the plaintiff, given on the trial of another action for personal injuries by her against the defendant, which was tried more than three years before this, her second suit against the defendant. Her testimony on the trial of that action was to the effect that she was then suffering from hemorrhages. The evidence was material on the trial of this action, as it is a direct contradiction of her testimony

on the last trial to the effect that she had never had any prior hemorrhages. The evidence, however, was not newly discovered; for defendant knew that the plaintiff was a witness on the trial of her former action and testified as to her then physical condition. Counsel who tried the former case for the defendant may well have forgotten the details of her testimony; but that is no excuse for a failure to use diligence to ascertain the precise details of her testimony on the former trial, and to secure the necessary evidence to prove what she did testify to.

It is claimed, in this connection, that the defendant was thus diligent. The record does not sustain the claim, for it simply shows that, on November 10, 1908, the defendant opened a correspondence with the stenographer who took plaintiff's testimony in the former action for the purpose of securing a transcript thereof, and that the stenographer, by reason of press of other official duties, was unable to furnish it in time for the trial. This is not a sufficient showing of diligence, for the defendant might have sent an attorney to see the stenographer, and have had read from his notes the desired testimony, and might then have taken the stenographer's deposition, under the provisions of R. L. 1905, § 4666, or secured his attendance as a witness on the trial.

We are unable to find in the record any reason for reversing the order appealed from.

Order affirmed.